**DISTRICT OF OREGON**
**F I L E D**
**November 13, 2009**
**Clerk, U.S. Bankruptcy Court**

Below is an Opinion of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 08-34900-tmb13 |
| ROBERT D. MCINTYRE and CHERYL D. MCINTYRE, | ) ) ) MEMORANDUM OPINION |
| Debtors. | ) |

This matter came before the court on the Debtors' Motion to Pay Fees Direct and the Chapter 13 Trustee's objection to that motion. The Debtors were represented by M. Caroline Cantrell. The Chapter 13 Trustee, Brian D. Lynch, (hereinafter the "Trustee") appeared on his own behalf. In their motion, Debtors seek permission to pay attorney fees received from a settlement agreement in an adversary proceeding directly to their attorney rather than paying those fees to the Trustee for distribution under their plan.

I have reviewed my notes, the exhibits, and the pleadings and other submissions in the file. I also have read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the oral arguments presented and have read counsels' submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

Page 1 - MEMORANDUM OPINION

FACTS

The Debtors filed a Chapter 13 petition on September 19, 2008. Their first amended chapter 13 plan dated October 21, 2008 (the "Plan") was confirmed on December 2, 2008. Their confirmed plan required monthly payments of $450 for 17 months with payments to increase thereafter to $690. In addition, paragraph 1 of the Plan required that Debtors pay to the Trustee the proceeds of any avoided transfers and all net tax refunds received by them during the first 36 months of the Plan that were attributable to either pre or post petition tax years.

On February 12, 2009, the Debtors filed an adversary proceeding against Bank of America, N.A. ("B of A"). The complaint alleged that B of A engaged in post petition collection actions, both prior to and after confirmation of the Plan, in violation of the automatic stay. In the adversary proceeding, Debtors sought punitive and emotional distress damages as well as attorney fees and costs incurred in prosecution of the adversary proceeding.

The Debtors settled their adversary proceeding against B of A on April 24, 2009, and executed a Settlement Agreement and Release (hereinafter the "Settlement Agreement") in June 2009. Under the Settlement Agreement, which contained a confidentiality clause, B of A agreed to pay damages to the Debtors. B of A also agreed to pay Debtors' attorney's fees incurred in the adversary proceeding. Debtors' counsel is holding that portion of the settlement attributable to attorney fees is her trust account.

On July 8, 2009, Debtors filed a Motion for Fee Approval in which they contended that the adversary complaint was "outside of the attorney fees associated with debtor's [sic] Chapter 13 bankruptcy; therefore, it is not necessary to forward the funds to the trustee and then be required to apply for the fees through the bankruptcy court." Trustee objected to that motion, contending that Debtors' counsel was required to apply for and obtain court approval for her attorney fees. I held a hearing on the Motion for Fee Approval during which I directed the Debtors' counsel to file an application for attorney fees.

Debtors' counsel filed a fee itemization on August 11, 2009, together with this Motion to Pay Fees Direct. In her motion, she contends that "[t]he adversary complaint is based on a post petition violation of the automatic stay and not rooted in the bankruptcy case." Accordingly, she contends, fees earned in

Page 2 - MEMORANDUM OPINION

connection with that adversary proceeding need not be turned over to the Trustee for distribution. The Trustee disagrees contending that the fees at issue are property of the bankruptcy estate and must be distributed through the plan.

## DISCUSSION

Trustee cites § 1306 of the Bankruptcy Code.[1] This section provides, in pertinent part, that:

" (a) Property of the estate includes, in addition to the property specified in section 541 of this title—

    (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

    . . .

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."

The Debtors concede that under § 1306, attorney fees received post petition in conjunction with the settlement of an adversary proceeding would be property of the bankruptcy estate. However, they contend that § 1306 is overridden by § 1327(b) which states:

"Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

The Plan contains no express language reserving any assets for the estate. Nonetheless, this court has previously held that "two categories of chapter 13 estate assets are not revested in the debtor and are treated as future earnings or income and committed to funding the plan: 1) avoided transfers, including fraudulent conveyances of the debtor, that are recovered during the life of the plan; and 2) prepetition and postpetition tax refunds that are received by the debtor during the life of the plan." In re Schiffman, 338 B.R. 422, 427

---

[1] Unless otherwise stated, all references to "sections" refer to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

Page 3 - MEMORANDUM OPINION

(Bankr. D. Or. 2006). Nothing in the language of the Plan indicates that any other property is exempt from the revesting provisions of §1327(b).

Under the Order Confirming Chapter 13 Plan and Resolving Motions ("the "OCP") used in this district, debtors are required to advise the trustee if they obtain the right to receive funds or other property valued in excess of $2,500.00. In addition, they must obtain the approval of either the trustee or the court prior to using such funds. However, this language does not prevent the revesting provided for in § 1327(b). It merely requires that debtors report the funds to the trustee and request authorization to use them, either from the trustee or the court. The terms of the OCP insure that the trustee has full knowledge of a debtor's post confirmation finances and allows him to seek modification of a debtor's plan to account for any post confirmation increases in income should he so desire. However, absent such modification, the funds do not become estate property and the debtors need not pay them over to the trustee.

Here the Debtors complied with the terms of the OCP. They advised the Trustee of receipt of the settlement proceeds. On August 17, 2009, they filed a second amended chapter 13 plan dated July 22, 2009, which specifically allowed them to keep the settlement proceeds to purchase a car. The Trustee did not object to that plan. If Trustee wanted a portion of the funds received from the settlement, he could have proposed his own modified plan or sought turnover of a portion of those funds in conjunction with confirmation of the Debtors' second amended plan. He did neither nor did he object to the fee itemization by Debtors' counsel. Therefore, the funds at issue are not estate property and need not be paid over to the Trustee for distribution under the plan.

###

cc: M. Caroline Cantrell
    Brian D. Lynch

Page 4 - MEMORANDUM OPINION